UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE K. ALDEN,                    :
                                      :
          Plaintiff                   :
                                      :
     v.                               : CIVIL NO. 3:CV-05-1735
                                      :
JOSEPH V. SMITH, et al.,              : (Judge Kosik)          **FILED**
                                      :                        **SCRANTON**
          Defendants                  :
                                                               MAR 1 2 2007

**M E M O R A N D U M** PER ⟋⟍
                                      DEPUTY CLERK

     Terrance K. Alden filed this <u>Bivens</u> civil rights action pursuant to 28 U.S.C.

§ 1331 on August 25, 2005, while an inmate confined at the United States

Penitentiary at Lewisburg, Pennsylvania.  He is currently housed at the United States

Penitentiary-Coleman Complex, Florida.  Since he filed the original complaint, Alden

had submitted various amended and supplemental pleadings.  The matter currently

proceeds on an amended complaint (Doc. 35) and two (2) supplements thereto (Docs.

40, 41).  Named as defendants are the following USP-Lewisburg employees: Joseph

Smith, Warden; Cathy Ey, Counselor; Raymon Hoekman, Lieutenant SIA; Susan

Heath, Lieutenant SIS; Ron Hicks, Safety Manager; Lawrence Karpen, Psychologist;

and the United States of America.  Plaintiff alleges that his rights were violated under

the Constitution, as well as the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

Presently pending are Plaintiff's "Motion for Supplemental Pleadings and Amendment by Addition of Defendant" (Doc. 53) and Defendants' Motion to Dismiss and for Summary Judgment (Doc. 57).[1]

## I.    Allegations

In his amended complaint and supplements thereto, Plaintiff basically sets forth three sets of allegations. He first contends that Defendants violated his Eighth and Fourteenth Amendment rights by assigning him to a cell with a cellmate in light of his single cell medical order. He claims that on December 22, 1999, Dr. Bussanich of USP-Lewisburg issued the single cell order due to his diagnosis that Plaintiff suffered from Post-Traumatic Stress Disorder. Despite the existence of the medical order, Plaintiff states that pursuant to Defendant Ey's orders, he was housed with inmate Edwin Mercado on December 13, 2004. As a result, Plaintiff states he endured sleep deprivation and pain. Plaintiff contends that Defendant Smith failed to take corrective action. He further alleges that he was housed with inmate, Matt Pavdee, on February 4, 2005, which resulted in him strangling Pavdee during a panic episode. He claims that this incident was not only life threatening to Pavdee, but resulted in Plaintiff sustaining a "hernia-type" injury. Plaintiff states that he was again housed with a fellow inmate on September 3, 2005. On this occasion Plaintiff attacked

---

[1] Also pending is what appears to be a motion to conduct discovery filed by Plaintiff on February 26, 2007 (Doc. 86).

inmate James Robertson from behind, injuring Robertson's neck and back. A fourth "panic episode" took place on October 23, 2005, when Plaintiff was housed with Talbot Curtain. Plaintiff states he ended up covered with Talbot's blood, which happened to be infected with Hepatitis C. Plaintiff states he now awaits blood test results to see if he has contracted the disease. Based upon the foregoing allegations, Plaintiff claims that defendants have deliberately failed to house him safely and maintain his health, and contends that their negligence is the proximate cause of his panic attacks.

Plaintiff next contends that his First Amendment rights were violated when he was placed in segregated housing for 42 days in retaliation for utilizing the administrative remedy process. Specifically, Plaintiff asserts that on April 21, 2005, he filed a BP-9. When he did not receive a response thereto, he mailed a "Notice of Exploited Delay" to the office of Regional Counsel on May 3, 2005. He claims he thereafter filed a BP-10 to the Regional Office on May 5, 2005, which was returned to him on May 23, 2005. According to Plaintiff, Defendants' actions in failing to respond to his grievances "chilled" his access to the administrative remedy process for approximately 70 days. Additionally, on May 24, 2005, he states he was removed from general population upon the orders of Defendants Hoekman and Heath and placed in disciplinary segregation for 42 days without cause. He further claims that Heath issued a disciplinary report against him on July 7, 2005 based upon

declarations he submitted to the court in this litigation, and that, on July 12, 2005,

Defendant Ey acted as chairperson of the UDC and recommended the maximum

sanction.  Based upon the foregoing, it is Plaintiff's belief that his "lockup" was

motivated by the exercise of his right to file administrative remedies.

Plaintiff's final set of claims speak to the conditions of his surroundings.  He

contends that in February and March of 2005, Defendants Smith and Hicks

disregarded his health in violation of the Eighth Amendment by exposing him to toxic

levels of lead contaminated dust generated by renovations and alterations taking place

to the prison walls.  According to Plaintiff, he and other inmates were responsible for

cleaning up piles of the dust with push brooms and were not provided with any type

of protection.  Plaintiff contends that as safety manager, Hicks had reason to know of

the danger presented, particularly because he had recently conducted a class/training

in lead paint abatement and clean up.  He contends Smith is responsible because he

should know the law.  Plaintiff further contends that he has been housed in a cell too

small to accommodate two inmates, and argues that the cell lacks ventilation and that

steel plates bolted over the windows in the cell reduce the airflow and no air handlers

have been installed in the unit.  Plaintiff also complains about the outdated plumbing.

As relief in the instant complaint for the above alleged violations, Plaintiff seeks a

referral for a medical and psychiatric evaluation, housing in a single cell and

monetary damages.

## II.    Motion for Supplemental Pleadings/Amendment

Plaintiff filed a motion on March 6, 2006, seeking to supplement his amended complaint to "add facts and occurrences" as well as add K. Gabrielson, a lieutenant in the SHU at USP-Lewisburg.  Defendants opposition to this motion is well-taken.  Any attempt to add Gabrielson as a defendant at this juncture is improper.  In reviewing Plaintiff's motion, there is no reason why Plaintiff could not have included Gabrielson as a defendant earlier, as his alleged actions with regard to the claims set forth in the amended complaint and supplements thereto are not newly discovered by Plaintiff.  The docket is replete with attempts by Plaintiff to file amendments and supplements to his original complaint, and to now allow the addition of another defendant is not compatible with the underlying purpose of Federal Rule of Civil Procedure 15.

To the extent Plaintiff seeks to further "supplement" his amended complaint with the additional "allegations" as set forth in this motion (Doc. 53), his request will also be denied.  What Plaintiff attempts to categorize as proper supplemental allegations pursuant to Fed. R. Civ. P. 15(d), are actually evidentiary statements/documentation in support of the claims he already sets forth in his amended complaint and supplements thereto.  Further, to the extent he sets forth claims not related at all to the underlying action, these allegations are more properly set forth in a separate civil rights action.  Accordingly, Plaintiff's motion to

supplement/amend (Doc. 53) will be denied.

## III.    Motion to Dismiss/Motion for Summary Judgment

### A.    Standard

Presently pending is Defendants' Motion to Dismiss/Motion for Summary

Judgment (Doc. 57.)  The sole ground raised in the motion is Plaintiff's failure to

exhaust his administrative remedies with respect to all his claims.  Because the court

will consider documents submitted by both parties in support and opposition to the

motion, the motion will be considered as one for summary judgment.  Summary

judgment should be granted when "the pleadings, depositions, answers to

interrogatories, admissions on file, together with affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48

(1986).  Only disputes over facts that might affect the outcome of the suit will

preclude the entry of summary judgment.  The substantive law determines which facts

are material.  Id. at 248.  A dispute is genuine if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party.  Id. at 250.  If the court

determines that "the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party, there is no 'genuine issue for trial'." <u>Matsushita Elec.</u>

<u>Industrial Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986)(citing <u>First Nat. Bank of</u>

<u>Ariz. v. Cities Service Co.</u>, 391 U.S. 253, 289 (1968)).  All inferences, however,

"'should be drawn in the light most favorable to the non-moving party, and where the

non-moving party's evidence contradicts the movant's, then the non-movant's must

be taken as true'." <u>Pastore v. Bell Tel. Co. of Pennsylvania</u>, 24 F.3d 508, 512 (3d Cir.

1994)(citing <u>Big Apple BMW, Inc. v. BMW of N. America, Inc.</u>, 974 F.2d 1358,

1363 (3d Cir. 1992); <u>Wicker v. Consol. Rail Corp.</u>, 142 F.3d 690, 696 (3d Cir. 1998).

The moving party bears the initial responsibility of stating the basis for its

motion, identifying those portions of the record which demonstrate the absence of a

genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

As a general rule, unsubstantiated arguments made in briefs are not considered

evidence of asserted facts. <u>Versarge v. Township of Clinton</u>, 984 F.2d 1359, 1370

(3d Cir. 1993).  The moving party must present competent evidence to support his

version of events.  Likewise, the nonmoving party "must present affirmative evidence

in order to defeat a properly supported motion for summary judgment." <u>Williams v.</u>

<u>Borough of West Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989)(citing <u>Anderson v.</u>

<u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986)).  The nonmoving party cannot "simply

reassert factually unsupported allegations contained in [the] pleadings." <u>Williams</u>,

891 F.2d at 460 (citing <u>Celotex</u>, 477 U.S. at 325).  "Once the moving party has

carried the initial burden of showing that no genuine issue of material fact exists, the

nonmoving party ... 'must make a showing sufficient to establish the existence of

every element essential to his case, based on the affidavits or by the depositions and

admissions on file'." Pastore, 24 F.3d at 511 (citing Harter v. GAF Corp., 967 F.2d

846, 852 (3d Cir. 1992)).  If the evidence in favor of the nonmoving party is merely

colorable or not significantly probative, summary judgment should be granted.  Boyle

v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998)(citing Matsushita Elec.

Indus., Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

**B.    Discussion**

In support of their motion, Defendants submit a brief (Doc. 62), a statement of

material facts (Doc. 63) and evidentiary materials.  The documentary evidence

consists of the declarations of K. Michael Sullivan, Senior Attorney at the Federal

Correctional Complex at Allenwood, Pennsylvania (FCC-Allenwood) (Doc. 57, Ex.

1), and Patricia M. Gotts, Supervisory Paralegal Specialist in the Northeast Regional

Office of the BOP (Id., Ex. 2). These submissions support Defendants' position that

none of the claims set forth by Plaintiff, including any claim under the FTCA, have

been exhausted as required by the Prison Litigation Reform Act.

Pursuant to 42 U.S.C. § 1997e(a), "no action shall be brought with respect to

prison conditions under section 1983 or any other federal law ... until such

administrative remedies as are available are exhausted."  The Bureau of Prisons has

established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.16 (1994). First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." Id., at § 542.13(a). Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to the warden], on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred." Id., at § 542.15(a). In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the Regional Director within twenty (20) days. Id., § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (Central Office) within thirty (30) calendar days from the date of the Regional Director's response. Id. The Regional Director has thirty (30) days to respond, and the General Counsel has forty (40) days to respond. See id., at § 542.18.

K. Michael Sullivan conducted a search of the BOP records on March 7, 2006, to determine whether Plaintiff had exhausted his available administrative remedies regarding the issues raised in this action. (Doc. 63, Sullivan Declar., ¶ 14.) Sullivan's review revealed that Plaintiff had filed seven (7) administrative remedies since July 1990, the date remedies began to be tracked by computerized methods. Attached as an exhibit to the declaration is a BOP SENTRY print-out which sets forth each of

these remedies, detailing the date they were filed, the administrative remedy number, the date the remedy was received, the issue(s) involved, the date it was responded to and the current status. Also set forth is a list of codes indicating why a remedy was rejected. (Id., Attach. 1.)

The seven administrative remedies filed were as follows. On May 3, 2005, remedy number 374684-F1 was filed alleging that Defendant Ey violated the single cell authorization on December 13, 2004, by assigning him a cell mate. The remedy was rejected as untimely on the same date, as the incident had occurred more than twenty days prior to Plaintiff's submission of the remedy. On May 11, 2005, remedy number 374684-R1 was filed, an appeal to the Northeast Regional Office from the denial of the earlier administrative remedy. The appeal was denied on May 18, 2005, on the basis of timeliness, and Plaintiff advised that any new issues he wished to raise had to first be pursued at the institutional level. On June 27, 2005, remedy number 374684-R2 was submitted, wherein Plaintiff requested a copy of his previous filings. This request was rejected on July 11, 2005, and Plaintiff was informed that copies of rejections were not maintained. On July 8, 2005, Plaintiff submitted his fourth administrative remedy, number 374684-A1, an appeal to the Central Office from the rejection of his earlier administrative remedy by the institution and Regional Office. On July 14, 2005, the Central Office rejected the remedy, concurring with the rejections by the institution and Regional Office of his remedy as untimely. The

10

Central Office further concluded that Plaintiff's appeal of the Regional Office's decision was also untimely in and of itself - as the Regional Office's rejection of the remedy as untimely occurred on May 18, 2005, but the appeal to the Central Office was not filed until July 8, 2005. (Doc. 63, Sullivan Declar., pps. 6-7; Attach. 1 at 13-15.)

The remaining three administrative remedies filed by Plaintiff are with regard to his allegations that Defendant Smith violated his rights by violating cell space requirements per inmate from December 13, 2004 through May 24, 2005, and that Defendants Smith and Hicks authorized renovations in February and March of 2005 that created a hazardous condition by exposing him to toxic lead-based paint dust. With regard to these claims, administrative remedy 383048-F1 was filed at the institution level on July 21, 2005. On the same date it was rejected as untimely. Administrative remedy 383048-R1 was filed on July 29, 2005 to the Regional Office appealing the institution's rejection. On the same date, the Regional Office rejected the appeal, concurring with the institution's decision that the administrative remedy was untimely. On August 8, 2005, administrative remedy 383048-A1 was filed with the Central Office appealing the decision of the Regional Office. It was rejected the following day on the same basis. (Id., Attach. at 17-18.)

Based on the foregoing, Defendants move for summary judgment on Plaintiff's claims of violation of the single cell restriction, minimal cell space issue and

exposure to lead-based paint dust for failure to exhaust administrative remedies.

Defendants argue that although Plaintiff submitted the foregoing administrative

remedies with respect to these issues, his submissions were untimely and, as such, he

failed to properly exhaust.  In support of their argument they cite to Spruill v. Gillis,

372 F.3d 218, 231 (3d Cir. 2004),

Other than the issues included in the administrative remedies set forth above,

Defendants maintain there is no record of Plaintiff filing any remedies with regard to

the remaining Bivens claims in Plaintiff's amended complaint: that he was placed in

the SHU without cause; received a retaliatory disciplinary report for filing

administrative remedies; the lack of an air handler in the unit; or that plumbing is

inadequate.

Plaintiff opposes Defendants' summary judgment motion claiming he has

exhausted all of his claims.  In support of his argument, he offers his own declaration

(Doc. 72), as well as a variety of other documents including a copy of his indefinite

single cell medical order dated 12/22/99 (Doc. 73, Ex. A); a medical order extending

his single cell status for one year dated 1/7/04 (Id., Ex. B); the declaration of former

cell mate Matt Pardee (Id., Ex. C); medical records (Id., Exs. D, E); copies of

correspondence sent to this court regarding exhaustion attempts (Id., Ex H-1, Z);

documents relating to Plaintiff's placement in the SHU (Id., Exs. I, J, Y); copies of

various Informal Resolution (BP-8) forms (Id., Exs. M, T, V, X) and copies of

administrative remedy appeal attempts filed with the Regional and Central Offices (Id., Exs. 1-A, 1-B).[2] While many of these exhibits are irrelevant at this stage of the proceedings because they speak to the issues on the merits, others are probative on the issue of exhaustion and will now be addressed.

Plaintiff first argues that he "literally" exhausted because he presented his claims to all levels of the BOP and that, even if his administrative remedies were untimely, the issue of whether there is a procedural default component to 1997e(a) is pending before the United States Supreme Court, making the issue of whether he "properly" exhausted his claims a disputed issue of fact. Plaintiff's argument can be easily dispensed with as the Supreme Court has since held that the PLRA exhaustion requirement requires "proper" exhaustion, that is abiding by the procedural rules of the prison administrative remedy system.    Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).  Accordingly, Plaintiff's argument that he need only exhaust in the literal sense is totally without merit.[3]

With this said, the court will now address the exhaustion question as to each of

---

[2] Plaintiff also submits copies of FTCA administrative claims filed by three inmates with whom he was previously housed. (Doc. 73, Exs. N, O and Q.) Also submitted is the unsigned declaration of Anthony Bussanich, the doctor who issued the single cell medical order (Id., Ex. 1.)

[3] The court further notes that even if Woodford had not yet been decided, the law of this circuit at the time, as set forth in Spruill v. Gillis, 372 F.3d 218 (3d. Cir. 2004), found a procedural default component to exist with regard to the PLRA administrative exhaustion requirement governed by the applicable prison grievance system.

Plaintiff's claims based upon the evidentiary materials submitted by the parties.
There first appears to be no disputed issue of fact that Plaintiff has not exhausted any
FTCA claims he seeks to pursue in this action. Defendants submit the declaration of
Patricia Gotts (Doc. 63, Ex. 2) wherein she states that all available BOP records
reveal that Plaintiff has not filed an administrative claim under the FTCA on any
issue since February of 2000. Plaintiff does not submit any evidence that he has
pursued any FTCA administrative remedy. He only produces copies of FTCA claims
filed by other individuals regarding FTCA claims they are pursuing. As such, the
court finds that Defendants are entitled to summary judgment on the basis of
exhaustion with respect to the FTCA claims.

The court next finds no disputed issue of fact to exist with regard to whether
Plaintiff's claims regarding his placement in the SHU, his receipt of a retaliatory
incident report, and exposure to lead paint dust are exhausted. The record reveals that
they are not. The declaration of Michael Sullivan and attachments thereto detailed
above set forth the 7 administrative remedies filed by Plaintiff, all untimely. In
opposing Defendants' submissions, Plaintiff argues that he filed an entire set of
administrative remedies prior to those set forth by Defendants, and that these
remedies were never acknowledged or responded to by BOP officials. In support of
his argument, Plaintiff supplies the court with copies of informal resolution attempts,
as well as appeals filed with the Regional and Central Office level. The court will

delve into the relevancy of these documents below, however, suffice it to say at this point that none of the evidentiary materials offered by Plaintiff create an issue of fact as to whether he exhausted or attempted to exhaust his claims of retaliation, exposure to lead paint dust and placement in the SHU. There is no evidence suggesting that Plaintiff attempted to exhaust these claims through the required BOP channels.[4] As such, we find these claims to be unexhausted.

Remaining are Plaintiff's claims regarding the violation by Defendants of his single cell medical order, inadequate cell space, plumbing and ventilation. The court finds material issues of fact to exist as to whether these claims are exhausted for the following reasons. Defendants offer evidentiary support for their argument that only seven (7) administrative remedies were filed by Plaintiff. Three of the remedies filed were with regard to the issue that Defendant Ey violated the single cell medical order on 12/13/04 (#374684-F1 at the institutional level; #374684-R1 at the Regional Level; and #374684-A1 at the Central Office Level.) The initial remedy was rejected as untimely and the appeal levels concurred.[5] A fourth remedy #374864-R2 was filed prior to the appeal to the Central Office level wherein Plaintiff requested a copy of his previous filing.

_____

[4] At best, Plaintiff submits copies of informal resolution attempts with regard to the lead paint issue (Doc. 73, Ex. M, V), but no further evidence of any attempts to pursue the issue through the required BOP channels.

[5] The Central Office level further noted that Plaintiff's appeal from the Regional Level to the Central Office also was untimely in and of itself.

The fifth, sixth and seventh remedies filed by Plaintiff, according to the BOP SENTRY records (#383048, F1, R1 and A1), addressed the issues of the small cell space as well as Defendants Smith and Hicks subjecting Plaintiff to hazardous conditions from the lead-based paint dust. This series of administrative remedies, according to BOP records, were all also rejected as untimely. Based on the foregoing, Defendants maintain that none of Plaintiff's Bivens claims are exhausted.

Through his own sworn declaration, Plaintiff contends that he did file administrative remedies through each level of the BOP system prior to those reflected by Defendants in their submissions, but that the BOP failed to address/respond to his remedy requests. (Doc. 72, §§ 9-19.) In support of his argument, he attaches copies of administrative remedy attempts at the different BOP levels regarding the issue of being celled with another inmate on December 13, 2004, in violation of his medical order, the small cell space issue, the antiquated plumbing and the inadequate ventilation. He references in the copy of his Regional Level appeal (Doc. 73, Ex. 1B) that he has failed to receive a response to his BP 8 or BP 9 and is therefore continuing to pursue the matter at the Regional Level but is unable to attach copies. In the copy of his administrative remedy filed with the Central Office (Id., Ex. 1A), he again raises the same issues and notes that he has not received responses to his BP-8, BP-9 and BP-10.

While Defendants reply that these alleged submissions by Plaintiff do not appear on the SENTRY report and lack BOP confirmation of filing (the BOP assigned number), the court is not persuaded that summary judgment is warranted on this basis. Plaintiff's entire argument is based on the BOP's failure to acknowledge and respond to his remedy requests submitted between December 18, 2004 and March 12, 2005. In fact, the lack of any BOP tracking number would be consistent with Plaintiff's argument. Further, the court is not convinced by Defendants' argument that even if this first set of remedies was indeed filed by Plaintiff, that he basically got a second chance to pursue the issues via the #374684 administrative remedy series he submitted, but did so untimely. Pursuant to § 1997e(a), an inmate must exhaust available administrative remedies. A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(holding that prisoner lacked available administrative remedy for exhaustion purposes where prisoner unable to file grievance because prison officials refused to provide him with necessary forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(finding that a remedy that prison officials prevent a prisoner from utilizing is not an available remedy under 1997e(a), such as where officials fail to respond to written requests.)

In reviewing the submissions by the parties, the court finds that a material issue of fact does exist with regard to whether Plaintiff exhausted his claims for purposes

of 1997e(a) with regard to the issues of (1) violation of the single cell medical order regarding the 12/13/04 incident; (2) the inadequate cell space; (3) the inadequate plumbing; and (4) the inadequate ventilation.

## IV.    Discovery Motion

Plaintiff's filing of November 27, 2006 (Doc. 83) will be construed to be a motion to conduct discovery in this case and will be granted.  His filing of February 26, 2007 (Doc. 87) appears to be a discovery request directed to Defendants.  The Clerk of Court will be directed to strike this filing from the record as discovery requests are not to be filed with the court unless pursuant to a specific direction from the court.  See M.D. Pa. Local Rule 5.4(b).  A discovery period of sixty (60) days will be set in this case, with the filing of any further dispositive motions to take place within thirty (30) days from the close of discovery.  An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE K. ALDEN,                        :
                                          :
        Plaintiff                         :
                                          :
    v.                                    :   CIVIL NO. 3:CV-05-1735
                                          :
JOSEPH V. SMITH, <u>et al.</u>,           :   (Judge Kosik)
                                          :
        Defendants                        :

FILED
SCRANTON

MAR 1 2 2007

PER.____
DEPUTY CLERK

**O R D E R**

**NOW, THIS** /2ᵗʰ **DAY OF MARCH, 2007,** in accordance with the

accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Plaintiff's Motion for Supplemental Pleadings/Amendment (Doc. 53)
    is **denied**.

2.  Defendants' Motion to Dismiss/Motion for Summary Judgment is
    hereby addressed by the court as a motion for summary judgment and
    is **granted in part and denied in part** as detailed in the accompanying
    Memorandum.

3.  Plaintiff's Motion for Discovery (Doc. 83) is **granted**. All discovery
    in this case shall be completed within sixty (60) days from the date of
    this Order. Any further dispositive motions shall be filed within thirty
    (30) days from the close of discovery.

4.   The Clerk of Court is directed to strike from the record and return to Plaintiff his discovery requests filed on February 26, 2007 (Doc. 87).


EDWIN M. KOSIK
United States District Judge